## Hurley v. Hurley.

*Divorce — Alimony — Estate by entireties — Execution—Act of May 24, 1923.*

Where a husband and wife hold an estate by entireties and alimony has accrued against the husband in divorce proceedings, execution may issue, under the Act of May 24, 1923, P. L. 446, against the real estate held by entireties.

Rule to show cause why execution should not issue against real estate for alimony. C. P. No. 5, Phila. Co., Sept. T., 1926, No. 552.

*F. L. Styles*, for rule; *R. P. Alexander*, contra.

MARTIN, P. J., Feb. 8, 1928.—Libellant filed a libel in divorce, and a subpœna was served on respondent. An order was made upon respondent, on Oct. 25, 1926, requiring him to pay libellant $25 a month alimony.

On Dec. 9, 1927, a petition was filed by libellant, averring that alimony amounting to $325 was in arrear and unpaid by respondent; that she and respondent owned as tenants by entireties a property No. 2120 West Master Street, in the City of Philadelphia; and praying for a rule requiring respondent and the prothonotary of the Common Pleas Courts of Philadelphia County to show cause why execution should not issue against the property. The rule was granted.

The Act of May 24, 1923, P. L. 446, provides that whenever a husband and wife shall hold real estate by entireties, and the wife has secured an order or decree against her husband for the support of herself, it shall be lawful to issue execution against the real estate held by entireties and to sell the same in the manner provided by law for the sale of real estate on execution issued on a judgment.

The petition avers that the order for the payment of $25 a month was made by the court; that respondent has refused to pay; that the arrears on Dec. 8, 1927, amounted to $325; and that the property is held by libellant and respondent as tenants by entireties.

No answer was filed to the petition.

And now, to wit, Feb. 8, 1928, the rule to show cause why execution should not issue against the property No. 2120 West Master Street, the title to which is vested in Wesley and Julia Hurley as tenants by entireties, is made absolute, and the prothonotary is directed to enter judgment against respondent, Wesley Hurley, and in favor of libellant, Julia Hurley, for the sum of $325, with interest to date, making the total amount of the judgment $328.25.